IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **NORBERTO CORTINA** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | C.A. NO. 2:22-cv-29 |
| **PULL-A-PART OF CORPUS CHRISTI** § | |
| **LLC D/B/A PULL-A-PART** § | |
| *Defendants* § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant, **PULL-A-PART OF CORPUS CHRISTI, LLC D/B/A PULL-A-PART** (hereinafter "Defendant" or "Pull-a-Part Corpus"), and hereby gives notice of its removal of Cause No. 2022CCV-60028-1; filed in the County Court at Law No. 1 of Nueces County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

## FACTUAL BACKGROUND

1. On or about February 4, 2020, Plaintiff Norberto Cortina claims he was injured at the **PULL-A-PART CORPUS** premise in Corpus Christi, Nueces County, Texas. Plaintiff filed suit in state court.

2. Plaintiff filed suit in state court on January 12, 2022. Service of Citation and Petition on **PULL-A-PART CORPUS** was received on January 24, 2022. Plaintiff's Petition alleges a monetary claim for damages of $1,000,000 or less, which exceeds the jurisdictional minimum. The case has been on filed for less than one year. Removal is both timely and appropriate.

642583.1 PLD 0018330 22057 DR

## BASIS FOR REMOVAL & JURISDICTION

3. This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendants […], to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

## FULL DIVERSITY BETWEEN THE PARTIES

### *Complete Diversity of Citizenship*

4. To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties as the Plaintiff is a Texas citizen and Defendant is a limited liability company with its members as citizens of the State of Georgia, not Texas.

5. Contrary to Plaintiff's allegations, the principal place of business for a limited liability company does not establish its citizenship.[1]

6. It is well settled that the citizenship of a limited liability company is determined by "the citizenship of each of its members." *See Island Park Estates, LLC v. Brack*, Civil Action No. C-06-485, 2006 U.S. Dist. LEXIS 85942, at *6 (S.D. Tex. 2006) (citing *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006)); *see also Surge Busy Bee Holdings, LLC v. Wiszniewski*, Civil Action No. 3:19-CV-127-L, 2020 U.S. Dist. LEXIS 63781, at *3 n.2 (N.D. Tex. 2020) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Blanchard v. Wal-*

---

[1] *See Plaintiff's Original Petition* at § II. Although irrelevant for this notice, Defendant disputes that its principal place of business is in Corpus Christi, Nueces County, Texas, as its principal place of business is in Atlanta, Georgia.

*Mart Stores Tex., LP*, 368 F. Supp. 2d 621, 624-25 (E.D. Tex. 2005) (citing other federal and 5th Circuit cases for this proposition).

7. Plaintiff Norberto Cortina is a citizen of the State of Texas.[2]

8. Defendant Pull-A-Part Corpus is a limited liability company wholly owned by Pull-a-Part, LLC. Pull-A-Part, LLC is a foreign limited liability company with its principal place of business in Georgia. Its managers are Martin Kogon, Alan Cohen, and Mark Cohen—all citizens of Georgia.

9. In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. In papers filed in State court, Plaintiff alleges damages being sought are over the jurisdictional minimums but less than $1,000,000.00.[3]

## REMOVAL IS TIMELY & APPROPRIATE

11. If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove. 28 U.S.C. § 1446(b). A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds. 28 U.S.C. § 1446(b). When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's pleading voluntarily asserts an amount in controversy up to $1,000,000.00. Further, the citizenship of Defendant's members is

---

[2] *See Plaintiff's Original Petition* at § II.
[3] *See Plaintiff's Original Petition* at § VIII.

Georgia, not Texas, and creates complete diversity under the law. This removal is filed within the thirty (30) days of the service of Plaintiff's Petition. The removal is both timely and appropriate.

## JURY DEMANDED

12. Defendant requests this case be tried before a jury.

## CONSENT OF SERVED DEFENDANTS

13. Defendant consents to this removal.

## COMPLIANCE WITH LOCAL RULE & NOTICE REQUIREMENTS

14. Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

| | | |
|---|---|---|
| Exhibit A | Plaintiff's Original Petition |
| Exhibit B | Citation for Pull-a-Part of Corpus Christi, LLC |
| Exhibit C | Civil Docket Sheet |

15. Defendant knows of no orders signed by the state judge.

16. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff. A true and correct copy of this Notice of Removal will also be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

**LORANCE THOMPSON,**
**A PROFESSIONAL CORPORATION**

_____
Roger D. Oppenheim
SBN:  15292400
Danielle Ross
SBN:  24070530
2900 North Loop West, Suite 500
Houston, Texas 77092
Tel: 713.868.5560
Fax: 713.864.4671
RDO@lorancethompson.com
DR@lorancethompson.com
**ATTORNEY FOR DEFENDANT,**
**PULL-A-PART OF CORPUS CHRISTI**
**LLC D/B/A PULL-A-PART**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2022, a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Carole N. Harrod
Bandas Law Firm, PC
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
E-Mail: charrod@bandaslawfirm.com

_____
Roger D. Oppenheim

642583.1 PLD 0018330 22057 DR